UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-61158-CV-DIMITROULEAS

Yishan Chen,

     Petitioner,

v.

Assistant Field Office Director, Immigration
and Customs Enforcement, Broward Transitional
Center;
Markwayne Mullin, in his official capacity as
Secretary, U.S. Department of Homeland
Security; Todd Blanche, in his official capacity as Acting
U.S. Attorney General,

     Respondents.

_____/

## ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** is before the Court on Petitioner Yishan Chen ("Petitioner")'s Motion for Reconsideration of Order Denying Petition for Writ of Habeas Corpus (the "Motion") [DE 12], filed May 24, 2026.  The Court has carefully considered the Motion, Respondents' Response in Opposition [DE 15], Petitioner's Reply [DE 17], and is otherwise fully advised in the premises. The Court held a hearing in this matter on June 10, 2026. This Order memorializes the rulings the Court made on the record at that hearing.

### A. Background

Petitioner is a native and citizen of the People's Republic of China, who illegally entered the United States on March 18, 2023, near Hidalgo, Texas.. On this same day, Customs and Border Protection (CBP) officers encountered Petitioner, and placed Petitioner in removal proceedings by issuing a Notice to Appear (NTA) pursuant to section 240 of the INA. The NTA

charged Petitioner with inadmissibility under section 212(a)(6)(A)(i) of the INA, as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General. On March 27, 2023, CBP initiated removal proceedings by filing the NTA with the Executive Office for Immigration Review (EOIR). On or around March 19, 2023, Petitioner was released on his own recognizance.

On December 4, 2025, an Immigration Judge granted DHS's oral motion to dismiss Petitioner's removal proceedings and Petitioner was taken into ICE custody. On December 19, 2025, Petitioner was transferred to the Broward Transitional Center (BTC) located in Pompano Beach, Florida. On January 16, 2026, DHS made a negative credible fear determination. An Immigration Judge reviewed this determination, and on January 29, 2026, vacated DHS's negative credible fear finding.

On February 8, 2026, ICE ERO issued and served Petitioner with a new NTA. The NTA charged Petitioner with inadmissibility under section 212(a)(7)(A)(i)(I) of the INA, as an alien present in the United States without being admitted or paroled, and not in possession of valid entry documents as required by the INA. On February 24, 2026, DHS amended the NTA to add a charge under section 212(a)(6)(A)(i) of the INA. Petitioner remains in ICE custody while proceedings are pending.

Petitioner filed his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on April 20, 2026, arguing that he has been unlawfully detained by Respondents without a bond hearing, in violation of the Immigration and Nationality Act (INA) and his Fifth Amendment due process rights. *See* [DE 1]. On April 29, 2026, this Court denied the Petition, holding that Petitioner was subject to mandatory detention under 8 U.S.C. § 1225(b)(2), adopting the reasoning of the Fifth Circuit in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) and the Eighth Circuit in

*Herrera Avila v. Bond*i, 170 F.4th 1128 (8th Cir. 2026), both of which held that noncitizens present in the United States without being admitted or paroled are subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *See* [DE 11].

On May 6, 2026, the Eleventh Circuit Court of Appeals issued its decision in *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia.*, Nos. 25-14065, 25-14075, 2026 WL 1243395, 2026 LX 246233 (11th Cir. May 6, 2026), rejecting the holdings and analysis in *Buenrostro-Mendez* and *Herrera Avila.*

On May 24, 2026, Petitioner filed the instant Motion for Reconsideration, arguing that, pursuant to an intervening change in controlling law, the Eleventh Circuit's controlling precedent in *Hernandez Alvarez,* the Court must reconsider its April 20, 2026 Order denying the Petition.

## B. Discussion

Petitioner contends that under *Hernandez Alvarez* he is being improperly and mandatorily held pursuant to 8 U.S.C. § 1225(b), rather than 8 U.S.C. § 1226, and seeks an individualized bond hearing where the government must justify his continued detention.

Respondents argue that the Eleventh Circuit's decision in *Hernandez Alvarez* does not apply to Petitioner because he is an alien in expedited removal proceedings. *See Hernandez Alvarez* at *2 (explaining that the statutory provision at issue, § 1225(b)(2)(A), applies to applicants for admission "to whom expedited removal does not apply"). Respondents further argue that Petitioner, as an alien in expedited removal, is subject to mandatory detention without bond under 8 U.S.C. § 1225(b)(1). Moreover, Respondents contend, the Court lacks jurisdiction to review detention pursuant to an expedited removal, as none of the limited exceptions to the jurisdiction-stripping provisions of 8 U.S.C. § 1252(a)(2)(A) are applicable here.

Section 1252(a)(2)(A)(i) and (iii) of Title 8 state in pertinent part: "[n]otwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, *no court shall have jurisdiction to review* . . . any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1) [i.e., an order of expedited removal]," or "the application of [§ 1225(b)(1)] to individual aliens, including the [credible-fear] determination made under section 1225(b)(1)(B)," except as provided in section 1252(e). 8 U.S.C. § 1252(a)(2)(A)(i), (iii) (emphasis added).

A court applying habeas review under § 1252(e)(2) is limited to determining  "[1] whether the petitioner is an alien, [2] whether the petitioner was ordered removed under the expedited removal statute, and [3] whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee [ ], or has been granted asylum." *Garcia v. Warden, Stewart Det. Ctr.*, 774 F. App'x 522, 524 (11th Cir. 2019) (quoting 8 U.S.C § 1252(e)(2)).

The first and third exceptions to the jurisdiction-stripping provisions are not applicable in this case. However, the second exception, whether the Petitioner is in expedited removal proceedings, is both at issue and determinative here. Petitioner argues that as a factual matter he is in full removal proceedings, not expedited removal proceedings, and therefore, pursuant to *Hernandez Alvarez*, Petitioner is entitled to a bond hearing under section 1226(a). After considering the evidence in the record and hearing argument from counsel, the Court agrees with Petitioner. While a Notice and Order of Expedited Removal was entered against Petitioner on December 4, 2025, *see* [DE 15-1], the Court finds that the expedited removal proceedings against Petitioner were terminated on February 8, 2026 when ICE ERO issued and served

Petitioner with a new Notice to Appear (NTA) following an Immigration Judge's January 29, 2026 reversal of DHS's negative credible fear finding. *See* [DE 9-3]. Pursuant to the February 8, 2026 NTA, Petitioner is in full removal proceedings; Petitioner no longer in expedited removal proceedings. Therefore, not only does the Court have jurisdiction to review Petitioner's habeas petition, but the Court, applying *Hernandez Alvarez,* finds that Petitioner is presently detained pursuant to § 1226(a) and therefore Petitioner is entitled to an individualized bond hearing.

## C. Conclusion

Based upon the foregoing, it is hereby **ORDERED AND ADJUDGED as follows:**

1. The Motion for Reconsideration [DE 12] is **GRANTED.**

2. The Petition [DE 1] is **GRANTED IN PART** as follows:

   a. Respondents shall afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) within seven days, by **June 17, 2026**, and file a notice in the record upon the completion of the bond hearing indicating (1) that an individualized bond hearing was afforded and (2) the outcome of that bond hearing.

   b. A hearing in this matter is hereby set for 11:00 A.M. on **Monday, June 22 2026**, in Courtroom 205B at the U.S. Courthouse, 299 E. Broward Boulevard, Fort Lauderdale, Florida. The hearing may be cancelled upon notification that the bond hearing was held.

3. The Clerk shall **CLOSE** this case and **DENY AS MOOT** any pending motions.

4. The Court **RETAINS JURISDICTION** to enforce this Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida,

this 10th day of June, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record
Email: usafls-immigration@usdoj.gov
Email: usafls-2255@usdoj.gov

6